```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/6/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
SOURCE DIGITAL INC,                                               :
:
          Plaintiff/Counter-Defendant,              :
:     24-cv-2377 (LJL)
    -v-                                                        :
:     ORDER
MICHAEL GRECCO PRODUCTIONS, INC.,                                 :
:
          Defendant/Counter-Claimant.                :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      The motion for a protective order is denied with leave to refile. The proposed protective order, Dkt. No. 18, eliminates the penultimate sentence in the current paragraph 13 of the Court's model protective order and states that information designated Confidential will be filed under seal as a matter of course.

      Given the presumption of access to judicial documents, information in such documents should only be sealed if countervailing factors so require. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The Second Circuit has emphasized "the importance of immediate access" where such countervailing factors do not overcome the presumption. *Id.* at 126. A court should therefore ensure as far as possible that documents are accessible at the time of filing, rather than redacted at the time of filing and unsealed by the Court at a later date.

      The Court will approve a protective order with the following changes:

1) A clause appended to the first sentence of paragraph 13 of the proposed protective order, to the effect that Confidential information shall be filed under seal "except that

no information will be filed under seal unless there is a good-faith basis to believe such sealing satisfies the standard set out in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), based either on information in the possession of the moving party or provided by the party seeking sealing."

2) The following sentence including in lieu of the deleted language in the penultimate sentence of paragraph 13: "Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be maintained by the Court under seal."

SO ORDERED.

Dated: November 6, 2024
      New York, New York

                                        LEWIS J. LIMAN
                                   United States District Judge